**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

TAVARRES HENDERSON,

    Plaintiff,

vs.                                                                      No. 24-cv-1048-MIS-JFR

TERRY E. BERNARD, *et al.*,

    Defendants.

**ORDER OF TRANSFER**

This matter is before the Court on Plaintiff Tavarres Henderson's *pro se* Prisoner Civil Rights Complaint. ECF No. 1 ("Complaint"). Also before the Court is his Motion to Proceed *In Forma Pauperis*. ECF No. 2. Plaintiff is incarcerated at the Phillips State Prison in Gwinnett County, Georgia. *See* ECF No. 1 at 14. The Complaint alleges Plaintiff's parole was improperly denied and that he was stabbed by a fellow inmate in Georgia. *Id.* at 12-13. The Complaint raises 42 U.S.C. § 1983 claims against three Defendants: (1) the State of Georgia; (2) the Georgia Board of Paroles and Pardons; and (3) Georgia Parole Commissioner Terry E. Bernard. *Id.* at 2-3.

Because Plaintiff is incarcerated, the Complaint is subject to *sua sponte* review before any Defendants are served. *See* 28 U.S.C. § 1915A (requiring *sua sponte* screening of prisoner complaints involving government officials). As part of the initial review, courts may consider whether the claims were filed in the correct venue. *See Johnson v. Christopher*, 233 F. App'x 852, 854 (10th Cir. 2007) (analyzing improper venue and noting "the district court has discretion" to transfer the matter on screening). Section 1391 of Title 28 permits a civil action to be brought in:

(1) a judicial district in which any defendant resides …;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;

or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to … personal jurisdiction.

28 U.S.C. § 1391(b).

Subsection (1) is not met.   All parties reside in Georgia, and it is not clear this Court has personal jurisdiction over any Defendant.   *See* ECF No. 1 at 4 (noting "all defendants are State of Georgia employees"); 28 U.S.C. § 1391(c)(2) (for venue purposes, an entity resides in any district "in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question").   As to subsection (2), courts must examine "the nature of the plaintiff's claims and the acts or omissions underlying those claims" and determine whether "substantial events material to those claims occurred" in this district.   *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1166 (10th Cir. 2010).   None of the alleged wrongdoing occurred in New Mexico.   The Complaint states that "all events arose while the Plaintiff was in the State of Georgia Institution Facility."   ECF No. 1 at 4.   Subsection (3) does not apply because Plaintiff can file an action in the United States District Court for the Northern District of Georgia. *See* 28 U.S.C. § 90(a) (the Northern District of Georgia, Atlanta Division, includes Gwinnett County).

Where, as here, venue is improper, the Court may transfer the civil action to any other district "where it might have been brought."   28 U.S.C. § 1404(a).   The following discretionary factors must weigh in favor of the transfer:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence

2

of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and[ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emps. Mut.*, 618 F.3d at 1167.   The transfer must also be in the interest of justice; otherwise, the matter should be dismissed without prejudice.   Courts consider: "whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith…."   *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).   *See also Faulkenburg v. Weir,* 350 F. App'x 208, 210 (10th Cir. 2009) (applying the *Cline* factors to a venue transfer).

On balance, the relevant factors favor a transfer, rather than dismissal.   All alleged wrongdoing occurred in the District of Georgia; all Defendants are located there; and the Complaint presents a serious allegation that Plaintiff was stabbed multiple times in prison.   The Defendants will not suffer prejudice, as they have not yet been served or obtained counsel in New Mexico. The Court will therefore transfer this matter - including the Complaint and the pending Motion to Proceed *In Forma Pauperis* - to the United States District Court for the Northern District of Georgia, Atlanta Division.

**IT IS ORDERED** that the Clerk's Office shall **TRANSFER** all filings in this case to the United States District Court for the Northern District of Georgia, Atlanta Division; and **CLOSE** the pending case in this Court.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

3